### THE PEOPLE *vs.* JOHN CAVANAGH.

Upon a conviction at the Oyer and Terminer, it is not sufficient to state in the entry of judgment in the minutes, under the requirement of 2 R. S. 738, § 5, that the defendant was convicted of *a felony* or *a misdemeanor;* but the particular offence should be stated.

And where a person is imprisoned under such conviction, the particular kind of offence of which he has been convicted should appear in the commitment, that it may be seen whether the punishment awarded was warranted by the offence.

The penitentiary being provided by law for the imprisonment of persons convicted in the county of Kings, who shall be sentenced to imprisonment for a term not less than thirty days, it is illegal, in that county, to sentence a person so committed to imprisonment in the county jail.

The prisoner who had been confined in the common jail of Kings county, was brought up on *habeas corpus*. The return of the sheriff and the other facts involved, are set forth in the opinion of the court.

*S. Sanxay*, for the prisoner, claimed that he was illegally detained, on the ground that the entry of conviction and the commitment did not state the particular offence for which they had been convicted, misdemeanor being a general term, and not sufficiently explicit; and also that he should have been sentenced to imprisonment in the penitentiary and not in the county jail.

*R. C. Underhill*, (Dist. Att'y,) for the people, contended that the court of Oyer and Terminer in which the prisoner had been convicted was a court of general jurisdiction, and that its judgments could not be impeached.

After taking time for consideration, the following opinion was delivered:

DEAN, J. — The prisoner in this case is brought before me on a writ of habeas corpus issued to inquire into the cause of his detention.

The sheriff has made a return to. the writ stating that he holds him by virtue of the following commitment:

At a court of Oyer and Terminer holden in and for the county of Kings, in the court house, in the city of Brooklyn, on the 12th day of September, in the year of our Lord, 1854— Present, the Honorable Wm. Rockwell, Justice, presiding; Henry A. Moore, County Judge, Nicholas Stillwell and Sam'l Stryker, Justices of the Peace.

The people of the state of New York v. John Cavanagh, convicted of misdemeanor.

Whereupon, it is ordered and judged by the court, that the said John Cavanagh, for the misdemeanor aforesaid, whereof he is convicted, be imprisoned in the common jail of Kings county, for the term of thirty days, and pay a fine of $250; and in default of payment of said fine, be imprisoned for a fur· ther term, not exceeding six months.

A true extract from the minutes.

C. A. DENIKE, Clerk.

The prisoner's counsel says the return itself does not show a sufficient cause for detention, in this, that the offence for which he is committed does not appear in this commitmei t, and alleges by way of traverse that in Kings county a special statute exists, which directs courts sentencing prisoners to imprisonment for thirty days or more to sentence them to imprisonment in the penitentiary.

The statute is as follows:

Chap. 110. — Laws of New York. — An act relating to the penitentiary in the county of Kings. Passed April 5, 1853 three-fifths being present.

The people of the state of New York represented in senate and assembly, do enact as follows:

Sec. 1. Whenever the penitentiary in the county of Kings shall be ready for the confinement of prisoners therein, the board of supervisors of said county shall file a certificate thereof in the office of the clerk of said county, and also publish a notice of the same three weeks successively in one or more newspapers published in said county.

Sec. 2. After the filing of said certificate and the publication of said notice, it shall be the duty of all magistrates and courts in said county to sentence all persons, who on conviction are liable, (except in capital cases,) to imprisonment for a period of not less than 30 days to confinement in said penitentiary, instead of the county jail.

The necessary facts were proved to show that the preliminaries required had been taken by the board of supervisors, viz., the order, its filing and the publication in one or more papers for the period of three weeks. The district attorney was notified of the time of the return of the writ and appeared in behalf of the people.

The first question that arises is whether the commitment whereon the prisoner is held is " the final judgment or decree of any competent court of civil or criminal jurisdiction." If it is, then I have no authority to discharge him. The statute 2 R. S. 783, § 5, provides that whenever a judgment upon a conviction shall be rendered in any court it shall be the duty of the clerk thereof to enter such judgment fully in his minutes, stating briefly the offence for which such conviction shall have been had. In this case it was proved that the commitment on which the prisoner was held, was a transcript of the minutes of the clerk — which was the only judgment that exists.

Is this a judgment? No offence is stated. It is true, that it says " for misdemeanor." This embraces a numerous class of cases, but is not the name or description of any offence. We can not from this determine for what he has been tried or convicted, nor could this judgment, without proof, be a bar to another trial for any specific misdemeanor. The statute which

The People *v.* Cavanagh.

requires that the judgment should state the offence, means more than that it should state to which class of offences — felonies or misdemeanors—it belongs, and a minute like the one proved in the case is not a judgment within its intent or letter. I see no objection, therefore, to proceeding with the examination into the cause of the prisoner's detention.

He is held, the return states, on a sentence of 30 days' imprisonment and to pay a fine of $250, or in default thereof an imprisonment of six months for a misdemeanor. Now, there are some misdemeanors for which a person convicted can not be imprisoned at all, and others in which the fine can not amount to the sum here named. Can any one from the process or the judgment on which the sheriff holds the prisoner determine whether this is a legal sentence? Opening sealed letters is a misdemeanor punishable by a fine not exceeding $100 and imprisonment not exceeding one month.

Assemblages of three or more persons in public houses, disguised, is a misdemeanor punishable by imprisonment alone Winning or losing at play more than $25 within 24 hours is a misdemeanor punishable by fine alone.

There are so many cases of this kind, that I can not now enumerate them. These will furnish an example to show that from the mere statement that the prisoner has been convicted of a misdemeanor, it does not appear that the sentence in this case was one which the court was authorized to pronounce.

There are felonies for which a person on conviction may be imprisoned in the county jail or state prison, and other felonies on which he may be sentenced to be executed. Now, surely it would not be enough in entering up a judgment for a capital offence to say that the prisoner was convicted of a felony. The statute, when it says the judgment shall state the offence, means that it shall specify more than the class of the offence, namely, a felony or a misdemeanor, but that it shall designate the particular offence for which he has been indicted and tried, whether it be for gaming, larceny, or murder. I conclude, therefore, that this is not a judgment.

But even if it were the final judgment of a court of compe-

tent jurisdiction, there is no reason why the prisoner should not be discharged, if anything appears on the face of the process which shows it invalid. A judge can not on habeas corpus go back and inquire into the merits of the case, nor whether errors were committed on the trial; but if the process is set out by which the prisoner is confined, then, in the language of Judge Bronson, (5 *Hill*, 167, *People* v. *Cassels*,) " the officer may inquire whether in truth there be any process, and whether it appears on its face to be valid. He may also inquire whether any cause has arisen since the commitment for putting an end to the imprisonment, as a pardon, reversal of the judgment, payment of the fine, and the like."

The re are many cases which can not be reached by writ of error, and when the only means of obtaining a release from an illegal imprisonment is either by a motion to the court, or by a resort to this writ, which is so highly favored by law that it is made a penal offence for an officer to refuse it.

I think the imprisonment is illegal for another reason. The penitentiary of Kings county is the place provided by law for the confinement of persons sentenced for thirty days, and I see no ground for leaving it discretionary with the court to elect in which place the confinement shall be, the jail or penitentiary.

Of the merits of the conviction I know nothing, and have no concern. I am only to pass upon the legality of the imprisonment, and being satisfied that it is illegal my duty is plain. The prisoner must be discharged. Whether the Oyer and Terminer, on entering a judgment on the conviction, may again arrest and sentence him, need not now be determined.

Prisoner discharged.